## Fennije Vondra, Appellee, v. Jozef Felcman, Appellant.

### Gen. No. 22,411.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. MARCUS A. KAVANAGH, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 27, 1916.

### Statement of the Case.

Action of trespass by Fennije Vondra, plaintiff, against Jozef Felcman, defendant, in the Superior Court of Cook county. From a judgment for plaintiff for $150, defendant appeals.

There was evidence that plaintiff, during the term of her lease, moved most of her property out of her flat, retaining the key, and on returning next day found much of the property missing. She found defendant, the landlord, in possession, making repairs, and there was evidence that when asked what had become of plaintiff's property, defendant answered that he had thrown it into the alley. The action was for the loss of the property which plaintiff could not find.

WILLIAM CULLEN BURNS, for appellant.

No appearance for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. LANDLORD AND TENANT, § 515*—*when evidence shows landlord guilty of trespass.* In an action of trespass by a tenant against a landlord to recover property alleged to have been lost by reason of the wrongful entry of the landlord on the demised premises before

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Vondra v. Felcman, 202 Ill. App. 136.

the tenant had surrendered possession, where the evidence was conflicting, a verdict finding defendant guilty of the trespass alleged, *held* sustained by the evidence.

2. LANDLORD AND TENANT, § 517*—*what damages landlord liable for in trespass.* The entry by a landlord on demised premises during the term of a lease and while the tenant is in actual possession is a trespass which will render the landlord liable for such actual and also punitive damages as the evidence shows are assessable.

3. LANDLORD AND TENANT, § 515*—*when evidence shows malicious entry by landlord.* In an action of trespass by a tenant against a landlord to recover the value of property alleged to have been lost by reason of the wrongful entry of the landlord upon the demised premises before the tenant had surrendered possession, evidence *held* to warrant the jury in finding that defendant acted maliciously in entering the premises.

4. DAMAGES, § 250*—*what is not evidence of prejudice of jury.* In an action of trespass, where punitive damages were assessable, it cannot be said, merely because the trial court sanctions a remittitur, that the assessment of damages evidenced passion or prejudice on the part of the jury.

5. DAMAGES, § 240*—*when amount of punitive damages not disturbed on appeal.* The amount of punitive damages to be awarded is, in the first instance, for the jury, and where such damages are properly assessable, the assessment will not be disturbed by a reviewing court when made within the bounds of reason.

6. TRESPASS, § 62*—*when punitive damages not excessive.* In an action of trespass, where punitive damages were assessable under the evidence, the assessment of such damages *held* not excessive.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.